FILED
BILLINGS DIV.

**IN THE UNITED STATES DISTRICT COURT**

2008 JUN 27  AM 11 51

**FOR THE DISTRICT OF MONTANA**

PATRICK E. DUFFY, CLERK

BY _____

**BUTTE DIVISION**

DEPUTY CLERK

| | | |
|---|---|---|
| CLAYTON G. EVANS, | ) | CV-08-36-BU-RFC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JUDGE JESSICA PUGRUD and | ) | |
| JUDGE KEITH STRONG; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On May 23, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends that Plaintiff's Complaint should be dismissed.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiff filed a Supplement regarding his Complaint and exhibits on May 23, 2008 [*docs. 5 & 6*]. Plaintiff filed Objections to the Findings and Recommendation on May 27, 2008 [*doc. 7*]. Plaintiff also filed a Brief in Support of his Objections on May 30, 2008 [*doc. 8*]. Finally, Plaintiff filed a Notice on June 2, 2008 [*doc. 9*] and a Brief on June 9, 2008 [*doc. 10*]. Plaintiff's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendation to which objection is made. 28 U.S.C. § 635(b)(1). Plaintiff's objections are not well taken.

1

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Judges enjoy absolute immunity from lawsuits for actions taken in their official judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (superceded by statute on other grounds). The doctrine of judicial immunity also applies to administrative law judges performing judicial functions. *Butz v. Economou*, 438 U.S. 478, 513-14 (1978).

"Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of 'appellate procedures as the standard system for correcting judicial error . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citation omitted). This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Sexton*, 474 U.S. 193, 199-200 (1985) (citation omitted). "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.), *cert. denied*, 488 U.S. 955 (1988) (quoting *Stump v. Sparkman*, 435 U.S. 349, 35-57 (1978)). Judicial immunity applies not only to lawsuits for damages, but also to lawsuits seeking declaratory, injunctive, and other forms of equitable relief. *Moore*, 96 F.3d at 1244.

In this case, Plaintiff has only named Judges Pugrud and Strong. All of the allegations relate directly to Defendants' action taken in their official judicial capacities. Both are immune from suit.

Plaintiff's objections to the Findings and Recommendation filed on May 27, 2008 [*doc.*

*7*], appears to be a motion for leave to amend complaint.  Rule 15 of the Federal Rules of Civil

Procedure deals with amendments and supplemental pleadings and states in pertinent part:

> (a) Amendments Before Trial.
>> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course:
>>> (A) before being served with a responsive pleading; or
>>> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
>> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(Emphasis in original).

The policy of allowing leave to be freely given is "to be applied with extreme liberality."

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) *quoting Morongo*

*Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Whether the motion for

leave to amend should be granted is determined by analyzing a number of factors including:

(1) Undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the adverse party.

*In re Rogstad*, 126 F.3d 1224, 1228 (9th Cir. 1997).  Prejudice to the adverse party is the most

crucial factor in this analysis.  *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

Absent a showing of prejudice, or a strong showing of the other factors, there is a

presumption under Rule 15 Fed.R.Civ.P. to allow amendment.  *Eminence Capital, LLC v.*

*Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) *citing Lowrey v. Tex. A&M Univ. Sys.*, 117

F.3d 242, 245 (5th Cir. 1997).

3

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.      Plaintiff's Complaint is **DISMISSED**;

2.      Plaintiff's objections to the Findings and Recommendation filed on May 27, 2008

        [*doc. 7*] is construed as a motion for leave to file amended complaint and is

        **GRANTED**.  Plaintiff shall amend his complaint within twenty days of the date of

        this Order.

The Clerk of Court shall notify the parties of the making of this Order.

DATED this 27 day of June, 2008.

                                        RICHARD F. CEBULL
                                        UNITED STATES DISTRICT JUDGE