```
                                            FILED
                                         BILLINGS DIV.

                                         2008 SEP 3 AM 11 29
                                         PATRICK E. DUFFY, CLERK
                                         BY _____
                                              DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| **CLAYTON G. EVANS,** | ) | **CV-08-36-BU-RFC** |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| **JANET HUNTER, Head of Social Security** | ) | |
| **in Butte, SOCIAL SECURITY** | ) | |
| **ADMINISTRATION, and the UNITED** | ) | |
| **STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

  On July 10, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends that Plaintiff's Complaint should be dismissed.

  Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiff filed an objection to the

1

Findings and Recommendation on July 14, 2008 [*doc. #14*]; a Supplement on July 21, 2008 [*doc. #15*]; and another Supplement on August 5, 2008 [*doc. #16*]. Plaintiff's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendation to which objection is made. 28 U.S.C. § 635(b)(1). Plaintiff's objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

The act or omission alleged by Plaintiff appears to have occurred more than twenty (20) years ago. *See, e.g.,* Mont. Code Ann. § 27-2-204 (imposing 3-year limitations period for tort actions, including general and personal injury); Mont. Code Ann. § 27-2-231 (2007) (imposing 5-year limitations period for "[a]n action for relief not otherwise provided for" in the section). Thus, it would not fall within any applicable limitations period. It is clear that this deficiency in Plaintiff's Amended Complaint could not be cured by amendment.

Plaintiff's second allegation appears to be against the Social Security Administration, one of its employees (Janet Hunter), and the United States of America. Plaintiff seeks money damages in the form of restoration of his Social Security disability benefits, back payments, and restoration of work credits. This portion of the Amended Complaint is also subject to dismissal because the United States Supreme Court has held that such claims are not cognizable. In *Schweiker v. Chilicky,* the Court explained that the Social Security Act "makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits." 487 U.S. 412, 424 (1988).

2

Accordingly, IT IS HEREBY ORDERED as that Plaintiff's Amended Complaint is

**DISMISSED**.

The Clerk of Court shall notify the parties of the making of this Order and close this file accordingly.

DATED this 2nd day of September, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE